OPINION
{¶ 1} Petitioner Dennis Hesselgesser appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which construed a provision in the separation agreement incorporated into the decree of dissolution of marriage between appellant and petitioner Robin Hesselgesser. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED IN ITS CONSTRUCTION OF A PROVISION IN THE SEPARATION AGREEMENT OF THE PARTIES INCORPORATED INTO THE DECREE OF DISSOLUTION PERTAINING TO APPELLNAT'S OBLIGATION TO CO-SIGN COLLEGE LOANS FOR THE CHILD OF THE PARTIES."
 {¶ 3} The record indicates the parties dissolved their marriage on November 1, 1985, incorporating their separation agreement. On July 23, 2002, appellee filed a motion to hold appellant in contempt for failing to comply with the separation agreement. The matter was heard before a magistrate, who entered a decision on December 13, 2002. On February 26, 2003, the trial court approved and accepted the magistrate's decision, and adopted it as its own.
 {¶ 4} The provision in the separation agreement which is the subject of this action is Article III (b), which provides for the college education of the parties' child Nicole. At the time of the hearing before the magistrate, Nicole had graduated from high school and was to begin attending Ohio University.
 {¶ 5} The separation agreement provided appellant "shall pay for four years of college, one-half of all tuition, fees, and books for said minor child and Dennis Hesselgesser will co-sign for any college loans for said minor child and a state-supported school shall be selected for said four years of college."
 {¶ 6} At the hearing before the magistrate, appellee argued the language tuition, fees, and books, included room and board.
 {¶ 7} The magistrate found the words room and board were not included in the language of the separation agreement, and found appellant was only obligated to pay one-half of all tuition, fees, and books.
 {¶ 8} The magistrate also found appellant must co-sign for any college loans incurred for Nicole's education, and the separation agreement did not limit his liability to one-half responsibility for tuition, fees, and books.
 {¶ 9} Appellant argues the magistrate was correct in construing the language "tuition, fees, and books" and finding it did not include room and board under the principle of expressio unius est exclusioalterius.
 {¶ 10} Appellant takes issue with the magistrate's determination that the second part of the provision requires him to co-sign any college loans, but does not limit his liability to one-half of tuition, fees, and books. Appellant argues both parts of the provision must be read consistently, and thus his obligation is for one-half the tuition, fees and books.
 {¶ 11} The magistrate found the provision means exactly what it says, namely, any college loans incurred for Nicole.
 {¶ 12} The trial court reviewed the magistrate's decision, the objections, and the parties' separation agreement, and found while the punctuation in the provision was questionable, the court agreed with the magistrate's interpretation of the paragraph.
 {¶ 13} We find the trial court did not err in accepting the construction placed on the provision by the magistrate. We agree with the magistrate the word "any" means "any."
 {¶ 14} The assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., and Farmer, J., concur.